NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDWIN DJOHAN SAMIADJI; MEIVY
VIKE POLUAN,

Petitioners,

v.

ROBERT M. WILKINSON, Acting
Attorney General,

Respondent.

No.    15-71014

Agency Nos.    A088-320-632
A088-320-633

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2021[**]

Before: GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Edwin Djohan Samiadji and Meivy Vike Poluan, natives and citizens of

Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order

denying their motion to reopen removal proceedings. We have jurisdiction under

8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and grant in part the petition for review, and we remand.

Petitioners do not raise, and have therefore waived, any challenge to the BIA's denial of their request to reopen pursuant to its sua sponte authority, or to the BIA's determination that they failed to establish prima facie eligibility for relief under the Convention Against Torture. *See Tampubolon v. Holder*, 610 F.3d 1056, 1058 n.3 (9th Cir. 2010) (issues not raised or argued in a party's opening brief are waived).

The BIA abused its discretion in denying petitioners' motion to reopen as untimely because the BIA failed to provide a reasoned explanation for its determination that petitioners' evidence did not establish materially changed conditions in Indonesia. *See Tadevosyan v. Holder*, 743 F.3d 1250, 1252-53 (9th Cir. 2014) (the BIA abuses its discretion when it fails to provide a reasoned explanation for its actions). In rejecting petitioners' claim of materially changed country conditions, the BIA did not refer to any of the thirty-two exhibits submitted in support of the motion, explain why the exhibits did not sufficiently reflect materially changed conditions in Indonesia since 2009 that affected petitioners' eligibility for relief, or otherwise indicate that it meaningfully considered the evidentiary record. We remand so that the BIA may more thoroughly examine the evidence and explain the rationale behind its decision. *See*

*Avagyan v. Holder*, 646 F.3d 672, 681 (9th Cir. 2011) ("The BIA abuses its discretion when it denies petitioner's claim with no indication that it considered all of the evidence and claims presented by the petition."); *Hu v. Holder*, 652 F.3d 1011, 1020 (9th Cir. 2011) (remanding where a meaningful review of the agency's decision could not be conducted because the agency failed to provide a reasoned explanation of its decision).

The BIA also abused its discretion in denying the motion to reopen on the ground that petitioners were not prima facie eligible for asylum or withholding of removal, because the BIA failed to address petitioners' contention regarding their membership in a disfavored group. *See Salim v. Lynch*, 831 F.3d 1133, 1140 (9th Cir. 2016) ("[T]he BIA committed legal error when it failed to analyze Salim's individualized threat of persecution in light of his membership in a disfavored group, and instead summarily concluded that Salim's evidence addressed only 'general conditions in Indonesia.'"); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (remanding where the BIA failed to address petitioner's argument). We remand to the BIA for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

The government shall bear the costs for this petition for review.

Petitioners' removal is stayed pending a decision by the BIA.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

15-71014

**REMANDED.**